# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER PERDUE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-17-20-R |
| ) | |
| **JOE M. ALLBAUGH,**[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Christopher Perdue, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. As outlined herein, the undersigned recommends that the action be transferred to the United States District Court for the Northern District of Oklahoma.

Petitioner is serving two thirty-five year prison sentences pursuant to a 2013 conviction entered in, and imposed by, the District Court of Delaware County, Oklahoma, which lies in the territorial jurisdiction of the Northern District of Oklahoma. Pet. (Doc. No. 1) at 1; 28 U.S.C. § 116(a). Petitioner currently is confined at Cimarron Correctional Facility ("CCF") in Cushing, Oklahoma. Pet. at 1. The city of Cushing is located in Payne

---

[1] Because Petitioner is incarcerated at a privately operated correctional facility, Joe M. Allbaugh, the current Director of the Oklahoma Department of Corrections, is substituted as Respondent in this proceeding. *See* R. 2(a), 12, R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4); Okla. Dep't of Corr., *Director's Office*, https://www.ok.gov/doc/Organization/Director's_Office/ (last visited Jan. 6, 2017).

County, which lies in the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

The allegations of the Petition therefore establish that both this Court and the United States District Court for the Northern District of Oklahoma have jurisdiction over this habeas proceeding. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Pursuant to the statute, this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination." *Id.*

In his pleading, Petitioner seeks relief from his Delaware County District Court criminal convictions and sentences because: (1) his *nolo contendere* pleas were not knowingly, intelligently, and voluntarily entered; (2) his plea counsel was constitutionally ineffective; (3) his prison sentence is excessive; (4) the trial judge had a conflict of interest while presiding over Petitioner's criminal case; (5) his appellate counsel was constitutionally ineffective for failing to raise these arguments on direct appeal; and (6) the state district court should have held an evidentiary hearing on Petitioner's claims for postconviction relief. *See* Pet. at 5-26; Pet'r's Br. in Supp. (Doc. No. 2) at 4-30. Thus, Petitioner's habeas claims challenge his state-court proceedings in the Northern District of Oklahoma rather than the execution or administration of any prison sentence being served in the Western District of Oklahoma. *See id.*

It follows that relevant records and officials involved generally will be located in the district in which Petitioner was tried and convicted. And "if a hearing is required, trial

counsel for the prosecution and any necessary witnesses should be available in the district where the conviction was obtained." *Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (transferring § 2254 action and noting that "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction").

Under these circumstances, the undersigned recommends transfer of the action to the Northern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." *See* 28 U.S.C. § 2241(d); *see, e.g.*, *Watie v. Aldredge*, No. CIV-15-1205-HE, 2016 WL 1337287 (W.D. Okla. Apr. 5, 2016).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Northern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 15, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner further is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above-captioned matter.

The Clerk of the Court is directed to electronically serve a copy of this Report and Recommendation on Respondent and on the Attorney General for the State of Oklahoma at fhc.docket@oag.state.ok.us.

ENTERED this 25th day of January, 2017.

*Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE